UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KRISTINE BUNCH, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Cause No. 1:14-cv-438-WTL-DKL |
| | ) |
| BRYAN FRANK, et al., | ) |
| | ) |
| Defendants. | ) |

## ENTRY ON PLAINTIFF'S MOTION FOR ENTRY OF FINAL JUDGMENT PURSUANT TO RULE 54(b)

This cause is before the Court on the Plaintiff's Motion for Entry of Final Judgment Pursuant to Rule 54(b) (Dkt. No. 72). The motion is fully briefed and the Court, being duly advised, **GRANTS** the motion for the reasons set forth below.

### I.   BACKGROUND

The Plaintiff, Kristine Bunch, filed suit against the United States on February 5, 2015, invoking jurisdiction pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. § 1346(b) and 28 U.S.C. § 2671 et seq. This suit alleged that Bunch had been wrongly convicted of the murder of her three-year-old son based in part on the wrongful acts of Bureau of Alcohol Tobacco and Firearms ("ATF") forensic chemist William Kinard.

Prior to filing the FTCA suit, Bunch filed a 42 U.S.C. § 1983 suit against two State of Indiana Fire Marshals, James Skaggs and Bryan Frank, alleging that they also had caused her wrongful conviction. Jurisdiction in that case was based on 28 U.S.C. § 1331. Bunch moved to consolidate the two cases, and the Court granted that motion on June 23, 2015. Dkt. No. 58.

On September 28, 2016, this Court granted the United States' motion for summary judgment on all of Bunch's claims against it, ruling that the intentional torts exception to the

FTCA applied because Kinard was not an investigative or law enforcement officer. Dkt. No. 65. On October 27, 2016, Bunch filed a Notice of Appeal from that Order and a docketing statement in which Bunch argued that the ruling was a final appealable order. Dkt. No. 67. The United States responded to Bunch's docketing statement, arguing that the September 28 ruling was not a final appealable order. On November 22, 2016, the Seventh Circuit issued an order that both Bunch and the United States of America file a reply to the appellee's filing that advised the court whether either party intended to file a motion for entry of partial judgment under Fed. R. Civ. P. 54(b). Bunch filed her motion with this Court on November 30, 2016.

## II.     APPLICABLE STANDARD

Federal Rule of Civil Procedure 54(b) provides:

> When an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b). A Rule 54(b) order requires the district court to make two determinations: (1) that the order in question was truly a "final judgment," and (2) that there is no just reason to delay the appeal of the claim that was "finally" decided. *General Ins. Co. v. Clark Mall Corp.*, 644 F.3d 375, 379 (7th Cir. 2011). Determining whether a judgment is appealable under Rule 54(b) "involves comparing the issues at stake in the appealed claims and those remaining in the district court." *Marseilles Hydro Power, LLC, v. Marseilles Land & Water Co.*, 518 F.3d 459, 464 (7th Cir. 2008). The Court has discretion to enter a Rule 54(b) judgment when claims are "legally distinct and involve at least some separate facts." *Olympia Hotels Corp. v. Johnson Wax Dev. Corp.*, 908 F.2d 1363, 1368 (7th Cir. 1990).

## III.  DISCUSSION

The parties agree that the Court's Order granting summary judgment to the United States fully resolves the claims against it. As such, the Court need only decide whether there is "no just reason for delay" of entry of judgment in favor of the United States. The Court considers the following non-exclusive list of factors:

> The relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*Bank of Lincolnwood v. Fed. Leasing, Inc.*, 622 F.2d 944, 949 (7th Cir. 1980).[1]

With respect to the first factor, Bunch argues that the relationship between the adjudicated and un-adjudicated claims is non-existent in the context of the summary judgment decision in favor of the United States, as whether Kinard was an investigative or law enforcement officer is irrelevant to the claims against the state officials. The United States responds that, as this Court has found, the cases against the federal and state defendants arose out of the same incident. While the cases do, in fact, involve overlapping allegations and facts, the issue that this Court decided on summary judgment—whether Kinard was an investigative or law enforcement officer as defined in the FTCA—is separate from any issues in the claims against Franks and Skaggs. *See Minority Police Officers Ass'n of South Bend v. City of South Bend, Ind.*, 721 F.2d 197, 200 (7th Cir. 1983) (Supreme Court has rejected the approach that claims are never separate if they arise out of the same factual setting). The sole issue that is the focus of this

---

[1] The fourth factor is not relevant in this case, as there is no money judgment that could be a set-off against another claim.

3

appeal is an issue of law and requires the appellate court to focus on a discrete set of facts related to Kinard's job description rather than his actions in this case.

The Court finds that there is no just reason to delay the appeal. The sole claim on appeal is a legal question and is not too similar to the unadjudicated claims that remain against the state officials to preclude partial judgment. It is unlikely that the appellate court would have to consider the similar issue a second time should the summary judgment order be reversed. As to economic and time considerations, judicial economy would best be served by having the appellate court decide the issue of Kinard's status and the potential liability of the United States before proceeding to trial against the state defendants. After balancing the competing interests of the parties, the Court finds that there is no just reason to delay the entry of judgment in favor of the United States.

### IV. CONCLUSION

Bunch's Motion for Entry of Final Judgment Pursuant to Rule 54(b) is **GRANTED**. Judgment in favor of the United States will be entered this date. The case shall proceed against the remaining Defendants.

**SO ORDERED: 1/6/17**

_William T. Lawrence_

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to all counsel of record via electronic notification